Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4399 | **DATE** | 11/29/2000 |
| **CASE TITLE** | Kennedy vs. Conseco Finance Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court concludes that Conseco has failed to establish that the arbitration agreement formed part of its contract with Kennedy. The Court therefore denies defendant's motion to compel arbitration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 11/30/00 date docketed | |
| | Notified counsel by telephone. | | | 27 |
| ✓ | Docketing to mail notices. | | C.S. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV 29 PM 4:47 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERRLYN H. KENNEDY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 00 C 4399 |
| v. | ) |
| | ) |
| CONSECO FINANCE CORP., | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**

**NOV 3 0 2000**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Cherrlyn Kennedy filed a class action complaint alleging violations of the Truth in Lending Act, breach of contract, and consumer fraud by Conseco Finance Corporation, the issuer of Menards credit cards. In response, Conseco filed a motion to compel arbitration and stay proceedings pending the completion of arbitration, based on an alleged amendment to Kennedy's original credit card agreement requiring arbitration of all claims arising under the agreement. The Court concludes that Conseco has failed to meet its burden of showing that the arbitration agreement became part of the parties' agreement and therefore denies Conseco's motion.

**Background**

In October 1997, Kennedy applied for and received a Menards credit card, issued by Conseco. According to the TILA disclosures listed on monthly statements that she received, she should have been charged an annual percentage rate of 22.65% for balances or portions thereof

1

between $0 and $2,000, 13.15% for balances or portions thereof between $2,000.01 and $5,000, and 12.65% for balances or portions thereof in excess of $5,000. Kennedy alleges that finance charges on her account were not computed according to these disclosed rates. She seeks to bring suit on behalf of a class consisting of persons whose finance charges were improperly computed by Conseco.

Conseco contends that there is an agreement between the parties that all claims arising under the credit card agreement are to be submitted to arbitration. Both parties acknowledge that Kennedy's original agreement with Conseco did not contain an arbitration agreement. According to Conseco, however, all Menards cardholders, including Kennedy, were sent notices in November 1998 of changes to their cardholder agreements which would take effect on December 1, 1998. One of these changes was the addition of an arbitration clause. Conseco contends that Kennedy accepted these changes to the agreement when she continued to use her Menards card after December 1, 1998. Kennedy denies accepting or even knowing of these changes to her original agreement with Conseco.

**Analysis**

Federal law favors arbitration of disputes. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). Kennedy argues, however, that requiring arbitration of TILA claims results in denial of rights protected by TILA, making arbitration unconscionable and therefore unenforceable. She relies on cases in which courts have held arbitration clauses unenforceable because of the failure of arbitration clauses to allow litigants to exercise statutory rights. *See, e.g., Cole v. Burns International Security Services*, 105 F.3d 1465, 1481-82 (D.C. Cir. 1997).

First, Kennedy argues that arbitration would result in her losing her right under TILA to recover attorney's fees and litigation expenses if she prevails. As Conseco points out, however, the arbitration clause at issue here imposes no limits upon the remedies that the arbitrator can award. As Conseco correctly asserts, "arbitrators possess the power to fashion the same relief as courts." *Johnson v. West Suburban Bank,* 225 F. 3d 336, 374 (3d Cir. 2000). Indeed, Conseco agrees that if Kennedy prevails on her TILA claim in arbitration, she will be able to recover her attorney's fees and costs. *See* Dfdt. Reply at 9.

Second, Kennedy contends that because the arbitration clause requires the consumer to pay arbitration fees, it impairs her rights under TILA because in federal court she has to pay only a filing fee. *See Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d 1054, 1062 (11th Cir. 1998). In *Avnet,* however, the defendant had made "no promise to pay for an arbitrator." *Id.* In this case, by contrast, Conseco has agreed to pay 100% of the arbitration fees if Kennedy asks it to do so. *See* Dfdt. Reply at 12. Thus, the burden that payment of arbitration fees might impose is a non-issue in this case.

Third, Kennedy points out that TILA provides for class action relief and such relief is not available through arbitration. The argument that a party's inability to seek class action relief renders an arbitration agreement unenforceable has been rejected by the Supreme Court. In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 32 (1991), the Court held that an arbitration agreement for claims arising under the Age Discrimination in Employment Act was not unenforceable on the grounds that broad equitable relief and class actions are not available in arbitration. In reaching this conclusion, the Court stated that the possibility of class action relief under a statute is not meant to preclude individual attempts at conciliation. *Id.* Though TILA

3

claims may be asserted through a class action, the statute does not create a substantive right to a class action. *Thompson v. Illinois Title Loans, Inc.*, 2000 WL 45493, No. 99 C 3952, at *3 (N.D. Ill. Jan. 11, 2000). Because plaintiff's substantive rights under TILA are not infringed by the unavailability of class action relief in arbitration, this failure does not render an arbitration agreement unenforceable.

In sum, in the circumstances present here, requiring Kennedy to arbitrate her TILA claim would neither be contrary to TILA nor unconscionable. *See, e.g., West Suburban Bank*, 225 F. 3d at 378; *Thompson*, 2000 WL 45493 at *3-5. Plaintiff's claim is, therefore, subject to arbitration, assuming a valid agreement to arbitrate exists.

Kennedy argues that even if claims arising under TILA may be subjected to arbitration, her particular claims cannot be because there was no valid agreement to arbitrate. First, Kennedy argues that she never agreed to the arbitration clause and that it therefore never became part of her contract with Conseco. Second, she argues that even if the arbitration clause was somehow agreed to, Conseco's notice by which it purported to modify the contract to add the arbitration clause failed to comply with the provisions of TILA and Regulation Z. We address the latter argument first.

Kennedy correctly asserts that Regulation Z requires written notice of any change of terms required to be disclosed under 12 C.F.R. §226.6. *See* 12 C.F.R. § 226.9(c). Conseco's failure to highlight the addition of an arbitration clause, however, did not violate this regulation. The terms that §226.6 requires to be disclosed deal primarily with matters affecting finance charges and other charges; they do not include arbitration clauses. Conseco's notice did make

4

special mention of the changed terms that fell within the scope of §226.6 and thus complied with Regulation Z.

The final issue is whether Conseco has established that its agreement with Kennedy actually included the arbitration clause at issue. Under the Federal Arbitration Act, "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. We conclude that Conseco has failed to establish that the arbitration clause became part of its contract with Kennedy.

The original agreement entered into by Ms. Kennedy and Conseco provided:

CHANGE OF TERMS (INCLUDING FINANCE CHARGE RATE): We may, at any time and subject to applicable law, change any terms and conditions of this Agreement relating to your Account, including adding new terms, by mailing written notice to you when and in the manner required by law. Subject to the limitations of applicable law, we may apply such change to the outstanding balance of your Account on the effective date of the change and to the new balances after that date.

Because of this provision, neither party can claim that the terms of the contract were immutable, and neither party does. The real dispute is whether written notice of the change that included the arbitration clause was mailed to Kennedy. Conseco has provided a declaration by Shelley L. Vangen, Conseco's Retail Credit Compliance Manager, in an effort to establish this proposition. Vangen states that she has reviewed the records for Kennedy's Menards account. From her review, she reported that the account was opened on October 23, 1997. Vangen attests that in November 1998, notices were mailed announcing changes to the cardholder agreement, which would take effect on December 1, 1998. With her declaration, she provides a copy of the notice

5

and the changed agreement. Vangen reports that Kennedy's records show no evidence that the notice was returned unopened or undeliverable or that Kennedy sent any correspondence to Conseco objecting to the changes. Indeed, the records reflect that Kennedy continued to use her Menards card after the effective date of the changes. Conseco contends that Kennedy's silence about the proposed changes and her continued use of her Menards card after December 1, 1998 constituted acceptance of the changes.

In an affidavit, Kennedy claims no recollection of ever having received the notice of amendments to the proposed agreement. She also contends that she had no knowledge of any arbitration clause prior to be informed of its existence by her attorneys in this case. Conseco argues, however, that evidence of mailing creates a presumption of delivery that cannot be rebutted by the recipient's mere inability to recall whether she received the mail. Conseco is correct on both points. The law has long recognized that evidence of proper mailing creates a rebuttable presumption of delivery. *Godfrey v. United States*, 997 F. 2d 335, 338 (7th Cir. 1993) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)). When such evidence is presented, "the mere denial of receipt alone" is not enough to rebut the presumption created. *Cox v. Brookings International Life Insurance Co.*, 331 N.W.2d 299, 301 (S.D. 1982).

What Conseco fails to recognize, however, is the method of establishing that proper mailing took place. The presumption of delivery can be invoked either by presenting "evidence of actual mailing such as an affidavit from the employee who mailed the [letter], or present[ing] proof of procedures followed in the regular course of operations which give rise to a strong inference that the [letter] was properly addressed and mailed." *Godfrey*, 997 F. 2d at 338. Conseco has failed to present evidence of either sort. Vangen does not claim that she was the

6

person who mailed the notice. Nor does she attest to the procedures followed in the regular course of operations to ensure proper addressing and mailing of notices. Instead, she reaches conclusions about the mailing without indicating that she has any personal knowledge of any of the procedures that were followed, and she says nothing about how addresses were selected for use in the mailing, what Conseco's records showed Kennedy's address to be at the time, or what procedures were followed to ensure that all cardholders received the notice. Further, Vangen's declaration does not establish that it was Conseco's routine practice to note in a cardholder's file if and when mail was returned unopened or undeliverable or if and when the cardholder sent correspondence to the company. Without such evidence, the Court cannot apply the presumption of delivery.

## Conclusion

For the foregoing reasons, the Court concludes that Conseco has failed to establish that the arbitration agreement formed part of its contract with Kennedy. The Court therefore denies defendant's motion to compel arbitration.

MATTHEW F. KENNELLY
United States District Judge

Date: November 29, 2000